UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CONNIE AVARAS, individually and on behalf of N.A., a minor child,

Plaintiffs,

-against-

BOARD OF EDUCATION OF THE CLARKSTOWN CENTRAL SCHOOL DISTRICT; NYSED,

Defendants.

19-CV-5355 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Connie Avaras, appearing *pro se*, brings this action individually and on behalf of her child NA., under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. By order dated July 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## DISCUSSION

### A. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the

complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Board of Education of the Clarkstown Central School District and NYSED through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.   Request for Counsel**

Plaintiff submitted an application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's request for counsel (ECF No. 3) is denied without prejudice to renewal at a later date.

C.  **Motion for Permission for Electronic Case Filing**

Plaintiff also submitted a motion for permission for electronic case filing. Plaintiff's motion (ECF No. 6) does not indicate that she has completed the Court's required CM/ECF introduction course. Her request for permission for electronic case filing is therefore denied without prejudice to renewal at a later date.

## CONCLUSION

Because Plaintiff has consented to electronic service of documents filed in this action (ECF No. 5), there is no need for the Court to mail this order to her. Plaintiff's request for counsel (ECF No. 3) is denied without prejudice to renewal at a later date. Plaintiff's request for permission for electronic case filing (ECF No. 6) is also denied, without prejudice, to renew at a later date. The Clerk of the Court is directed to terminate the pending motions at ECF Nos. 3 and 6.

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Board of Education of the Clarkstown Central School District and NYSED, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    White Plains, New York
    August 8, 2019

                                                NELSON S. ROMÁN
                                            United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Board of Education of the Clarkstown Central School District
   62 Old Middletown Rd.
   New City, NY 10956

2. New York State Education Department (NYSED)
   80 Wolf Road, Suite 203
   Albany, New York 12205-26483